IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA

Savannah Division

FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Savannah, Georgia
By Renae T. Creel at 3:14 pm, Sep 19, 2016

| | |
|---|---|
| IN RE: ) | CHAPTER 7 CASE |
| ) | NUMBER 15-41528 |
| MARK THOMAS HORNSBY ) | |
| ) | |
| Debtor ) | |
| _____ ) | |
| MICHAEL BOONE ) | ADVERSARY PROCEEDING |
| ) | NUMBER 15-04057 |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| MARK T. HORNSBY ) | |
| ) | |
| Defendant ) | |

## OPINION AND ORDER OF DISMISSAL

Pursuant to notice, hearing was held on the defense of failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] by Defendant-Debtor Mark T. Hornsby, with response in opposition by Plaintiff-Creditor Michael Boone. For the reasons that follow, the defense[2] is sustained, and the Complaint under 11 U.S.C. § 523(a)(2)(A) for exception to discharge is dismissed.

---

[1] Rule 12(b)-(i) applies in bankruptcy adversary proceedings. Fed. R. Bankr. P. 7012(b).

[2] Hornsby not only pled the defense under Rule 12(b)(6) but also moved for dismissal under Rule 12(b)(6) in a single document titled "Answer, Affirmative Defenses, and Motion to Dismiss." (ECF No. 6.) This hybrid pleading-motion was procedurally improper; a motion under Rule 12(b)(6) should be filed instead of,

## THE STANDARD UNDER RULE 12(b)(6)

A complaint must state a claim that is facially plausible. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). This standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007).

The court "construes the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true." <u>Sinaltrainal v. Coca-Cola Co.</u>, <u>578 F.3d 1252</u>, 1260 (11th Cir. 2009). Although the court makes reasonable inferences in the plaintiff's favor, it is not required to draw the plaintiff's inferences or to accept the plaintiff's legal conclusions. <u>Id.</u> Ultimately, the court must draw on its judicial experience and common sense, reading the complaint as a whole, not parsing it piece by piece. <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir. 2009). When

---

not in addition to, an answer. <u>See</u> Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.").

When a motion to dismiss under Rule 12(b)(6) is filed after an answer pleading the defense of failure to state a claim, the motion is "in effect a nullity." <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1093 n.35 (11th Cir. 2001). The same reasoning applies here, where the Motion also "merely replicate[s]," <u>id.</u> at 1096 n.44, the defense in the contemporaneously filed Answer.

An answer having been filed, I may consider the Motion under Rule 12(c) as a motion for judgment on the pleadings. However, I am not required to. <u>See</u> <u>Whitehurst v. Wal-Mart Stores East, L.P.</u>, 329 F. App'x 206, 208 (11th Cir. 2008) (stating that court "may" construe improperly filed Rule 12(b)(6) motion under Rule 12(c)).

2

the questions at issue are purely legal, "there is no inherent barrier to reaching the merits at the 12(b)(6) stage." Marshall Cty. Health Care Auth. v. Shalala, 988 F.2d 1221, 1226 (D.C. Cir. 1993).

## CONCLUSIONS OF LAW

All the well-pled factual allegations in the Complaint taken as true and considered in the light most favorable to Boone, the Complaint fails to state a claim upon which relief can be granted. The defect is both fatal and incurable.

For purposes here, I accept as true the following facts:

Boone is a judgment creditor who objects to the discharge of $115,807.50 plus post-judgment interest that Hornsby owes him under a prepetition default judgment in the Superior Court of Chatham County, Georgia (Compl. ¶¶ 12-13, ECF No. 1).

On November 26, 2013, Hornsby executed a promissory note to Boone in the amount of $110,000.00. (Id. ¶ 5.) On January 16, 2014, when the note became due and payable, Hornsby gave Boone a check for $110,000.00. (Id. ¶¶ 5-6.) When Boone deposited the check, the bank did not honor it, because the account on which the check was drawn had been closed. (Id. ¶ 8.)

Hornsby knew or should have known the check was bad. (Id. ¶ 9.) He gave Boone the bad check to induce Boone not to pursue collection under the promissory note. (Id. ¶¶ 7, 16.) It was this

3

promissory note on which Boone sued and won the default judgment in superior court. (Id. ¶¶ 11-13.)

### I. The Complaint Fails to State a Claim for Exception to Discharge Under § 523(a)(2)(A).

Discharge under the Bankruptcy Code does not include debts "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by" any of the following bad acts: false pretenses, a false representation, or actual fraud. 11 U.S.C. § 523(a)(2)(A). Although the statute names three distinct bad acts, the elements of a claim under § 523(a)(2)(A) have often been expressed generically:

> (1) the debtor made a false representation with intent to deceive the creditor; (2) the creditor actually relied on the misrepresentation; (3) the creditor's reliance was justifiable; and (4) the misrepresentation caused a loss to the creditor.

K.A.P., Inc. v. Hardigan (In re Hardigan), Case No. 12-40484-EJC, Adv. No. 12-04069-EJC, 2016 WL 1212767, at *5 (Bankr. S.D. Ga. Mar. 28, 2016) (citing HSSM # 7 Ltd. P'ship v. Bilzerian (In re Bilzerian), 100 F.3d 886, 892 (11th Cir. 1996)); see also Portman v. Zipperer (In re Zipperer), 447 B.R. 908, 914 (Bankr. S.D. Ga. 2011) (same); but see Navy Fed. Credit Union v. Purse (In re Purse), 537 B.R. 28, 35-36 (Bankr. S.D. Ga. 2015) (stating first element in the disjunctive as "a false representation, false pretenses, or actual fraud").

4

Here, although the parties focused at hearing and in their briefs on the element of a false representation,[3] I do not reach the question of whether Boone adequately pled the required elements. A debt does not come within the purview of § 523(a)(2)(A) unless money, property, services, or credit has been "obtained by" false pretenses, a false representation, or fraud. 11 U.S.C. § 523(a)(2)(A).

Here, the only money, property, services, or credit that Hornsby obtained was the loan signified by the promissory note. Regardless of whether the presentation of a bad check, without more, is a false representation—and courts are divided on this question—the loan could not possibly have been "obtained by" the presentation of the check, because Hornsby did not give Boone the check until six weeks after signing the note and receiving the $110,000 from Boone.

The Complaint manifests this disconnect between the statute and the facts when it avers that Hornsby's presentation of the check "induced [Boone] to refrain from collecting on the Promissory Note." (Compl. ¶ 7, ECF No. 1.) This allegation fails altogether to establish any link between the presentation of the

---

[3] Shortly before this matter came on for hearing, the United States Supreme Court held that § 523(a)(2)(A) does not always require a false representation: "The term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." Husky Int'l Elecs., Inc. v. Ritz, ___ U.S. ___, 136 S.Ct. 1581, 1586 (2016). The Court's holding has no bearing on the questions I consider here.

5

check and Hornsby's receipt of "money, property, services, or an extension, renewal, or refinancing of credit," 11 U.S.C. § 523(a)(2)(A). Under the facts pled in the Complaint, the check was presented as payment for an antecedent debt.

## II. The Complaint Is Incurably Defective.

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." Pugh v. Tribune Co., 521 F.3d 686, 699 (7th Cir. 2008). That is precisely what Boone has accomplished here. The Complaint alleges facts inconsistent with the requirement that money, property, services, or credit **be obtained** by any of the three bad acts specified under § 523(a)(2)(A). Amendment would thus be futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1263 (11th Cir. 2004) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.").

But even were the Complaint potentially salvageable, I would not under these circumstances grant leave to amend where no leave has been sought. See Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002)(announcing rule that court is not required to grant sua sponte leave to amend when plaintiff is represented by counsel and neither filed motion to amend nor requested leave to amend). The Complaint is dismissed with prejudice.

6

**ORDER**

The defense under Rule 12(b)(6) of failure to state a claim upon which relief can be granted is therefore **ORDERED SUSTAINED**; and

**FURTHER ORDERED** that the Complaint is dismissed with prejudice; and

**FURTHER ORDERED** that the judgment debt in the amount of $115,807.50 is discharged in the underlying chapter 7 case No. 15-41528.

_____
JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 19 day of September, 2016.